# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 08-30066-GPM |
| KEVIN M. COOPER, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Defendant's motion to dismiss for violation of the Speedy Trial Act. A brief recount of this case's procedural history is necessary.

Defendant was indicted on April 8, 2008; on April 17th, he was arraigned before United States Magistrate Judge Donald G. Wilkerson. Magistrate Judge Wilkerson's Order for Pre-Trial Discovery and Inspection provides that pretrial motions (other than those seeking additional discovery or inspection) shall be filed within 21 days of arraignment. During the June 2nd final pretrial conference, Defendant's appointed counsel orally moved for a continuance of the jury trial set June 24th because he did not receive the discovery that the Government had sent. After a brief recess so Defendant could discuss the matter with counsel, and after the Court specifically questioned him regarding his consent to the motion, Defendant stated that he wanted the continuance. However, Defendant repeatedly stated that he wanted the record clear that the delay was the Government's fault, apparently referring to the fact that his counsel never received the discovery. The Court granted the motion and continued the trial to August 5th. The Court

specifically stated that it would not rule on Defendant's fault argument unless and until a speedy trial motion was filed. Likewise, the Court declined the Government's request to make a finding, at that time, that the Speedy Trial Act was tolled.

Four days later, on June 6th, Defendant's appointed counsel filed a motion to withdraw, indicating that Defendant wished to represent himself. During a hearing on June 18th, the Court allowed counsel to withdraw. After the necessary admonishments, the Court allowed Defendant to proceed *pro se*. The Court appointed stand-by counsel for trial only.

On July 31st, Defendant filed his *pro se* motion to dismiss for violation of the Speedy Trial Act, and on August 4th, the Government filed its response. The calculations are easy enough. The only question is whether the time period between June 2, 2008 – when the continuance was granted, and August 5, 2008 – the new trial date, is excluded under the Speedy Trial Act.[1] The Court finds that it is excluded under 18 U.S.C. § 3161(h)(8)(B)(iv). Specifically, the ends of justice served by granting the relatively short continuance outweigh the best interest of the public, and obviously that of Defendant, who requested the delay, because the failure to grant such a continuance in this case, which taken as a whole is not so unusual or complex, would have denied Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Once Defendant's counsel was allowed to withdraw on June 18th, it would have been unreasonable to force the Government to trial on the original date, which at that point was only six days away.

---

[1] If so, the only time period that would count toward the speedy trial clock is the time period between May 9, 2008 – the last day on which a party could have filed a pretrial motion, and June 2, 2008 – when the continuance was granted. If not, then Defendant's trial has not timely commenced under the Act.

Defendant's argument that the delay is attributable to the Government falls within a Sixth Amendment analysis rather than the statutory framework. Even if, for the sake of argument, the Government could be faulted (it can't) for Defendant's counsel not receiving the discovery, the delay was not uncommonly long and Defendant cannot show prejudice resulting from the brief continuance. *See, e.g., United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007).

For the foregoing reasons, Defendants rights to a speedy trial have not been violated. His motion (Doc. 55) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 08/05/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge