IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN M. COOPER,<br><br>Defendant. | Case No. 3:08-CR-30066-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Kevin Cooper (Doc. 143). Cooper is serving a life sentence in the Bureau of Prisons for conspiracy to distribute and distribution of one hundred grams or more of heroin, a charge for which he entered a guilty plea with a written plea agreement (Docs. 65, 66).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prison to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of the Bureau of Prisons or by

the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* The policy statement also requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

Cooper, who is now 67 years old, asks the Court to grant his request for compassionate release because his chest pains, shortness of breath, and an "enlarged prostate/cancer," place him at a high risk of severe complications if he were to contract the COVID-19 virus (Doc. 143, p. 5). For a medical condition to constitute an extraordinary and compelling reason, a defendant must be suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide

self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2).

The Government argues that the Court should not consider Cooper's motion for compassionate release because his medical conditions do not rise to the level of "extraordinary and compelling circumstances" (Doc. 150, p. 6). Conversely, Cooper claims to suffer from chest pains and an "enlarged prostate/cancer" and these conditions do rise to the level of extraordinary and compelling (Doc. 143, p. 5). Having considered these arguments, the Court agrees with the Government.

The Government states that Cooper has been offered treatment for his heart condition, but he has refused any such treatment (Doc. 150, p. 6). While he is taking blood pressure medication, his condition could be improved by increased medical intervention which he has refused (Docs. 143-2; 143-3, pp. 37-38). Also, chest pains alone have not been sufficient to grant compassionate release in the past.

Additionally, Cooper claims that the growth of his prostate puts him at greater risk for cancer (Doc. 152, p. 1). He is currently being treated for his prostate issues with medication (Doc. 151-1). This condition does not necessarily indicate a need for release— or that Cooper is at a particular risk. *See United States v. Moskop*, 2020 WL 1862636, at *2 (S.D. Ill. Apr. 14, 2020) (holding that "while the Court acknowledges Defendant's chronic medical conditions and is aware of the dangers associated with the current Covid-19 outbreak, there is no showing that Defendant is at any particularized risk" from his ailments which included an enlarged prostate). In cases where a defendant's prostate issues were deemed an extraordinary and compelling reason warranting release, the

defendant was at a much higher risk of severe illness and death. *See United States v. Clark*, 2021 WL 136092 at *4 (E.D. Wis. Jan. 14, 2021) (denying defendant's motion for compassionate release because of the § 3553(a) factors, but recognizing that defendant's *prostate cancer* was "an extraordinary and compelling reason warranting his release").

Even if the Court were to find that Cooper's medical conditions, alone or in conjunction with the COVID-19 pandemic, constituted extraordinary and compelling reasons for release, the § 3553(a) factors and the requirement that the defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Cooper's adult convictions started at age twenty-five and includes aggravated assault, unlawful use of a weapon, possession of a controlled substance, armed violence, and heinous battery (Doc. 150, p. 13). Cooper was the leader of a conspiracy to sell over a hundred grams of heroin that may have caused the death of at least one person. He was in his mid-fifties when sentenced to life imprisonment. This was not a decision the Court took lightly (Doc. 115, p. 25). In fact, now-retired District Judge G. Patrick Murphy reasoned that because of the circumstances of the crime itself, and the "lives that were destroyed," life imprisonment was justified (*Id.*). Judge Murphy was very concerned that if Cooper were to be released from prison, he would subsequently harm someone else (*Id.*). Thus, the undersigned has concerns that Cooper still is a threat to society.

At the end of the day, reducing Cooper's term of imprisonment would simply fail to encapsulate the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. The Court is concerned that his current incarceration has not been sufficient to deter Cooper from future crimes. Cooper claims to have exhibited a

willingness to change his life for the better while in prison and has had no disciplinary actions (Doc. 143, p. 9). While this is commendable, the Court still has concerns that he may pose a threat to society, in light of his significant criminal history. *See United States v. Gometz*, 2020 WL 6287489 at *3 (S.D. Ill. Oct. 27, 2020) (holding that even though the defendant had evidence of reform, his significant criminal history made it so the court could not "say that [he] would not be a danger to the safety of any other person or the community").

Accordingly, after failing to find extraordinary and compelling reasons justifying compassionate release, and determining that Cooper is a continued threat to the public, the Motion for Compassionate Release (Doc. 143) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 21, 2021

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**