IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:08-CR-30066-NJR |
| KEVIN M. COOPER, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the third Motion for Compassionate Release filed by Defendant Kevin M. Cooper (Doc. 184). Cooper is serving a life sentence in the Bureau of Prisons after being convicted of conspiracy to distribute and possession with intent to distribute 100 grams or more of heroin. *See United States v. Cooper*, 591 F.3d 582 (7th Cir. 2010).

"The compassionate release statute, [18 U.S.C.] § 3582(c)(1)(A), affords district courts discretion to reduce a term of imprisonment upon finding, among other requirements, 'extraordinary and compelling reasons to warrant such a reduction.'" *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). The United States Sentencing Guidelines flesh out the meaning of an "extraordinary and compelling reason" by listing certain circumstances that convey a need for the defendant's release. U.S.S.G. § 1B1.13(b). These include the defendant's medical circumstances, family circumstances, and sentences that are "unusually long," which Cooper invokes here. *Id.* The burden is on the movant to demonstrate an "extraordinary and compelling reason" for a reduction. *United*

*States v. Newton*, 996 F.3d 485, 499 (7th Cir. 2021). The Court will address each of Cooper's asserted bases for relief in turn.

Section 1B1.13(b)(6) of the Sentencing Guidelines allows courts to reduce a defendant's sentence if it is "unusually long." It states in full:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* As the text makes clear, any claim for relief must be based on a "change in the law." Cooper, however, has not identified a change in the law that might bring him within the scope of § 1B1.13(b)(6) — at least he has not done so clearly. He is serving a life sentence for conspiracy to distribute and possession with intent to distribute 100 grams or more of heroin. His sentence was based, in part, on an enhancement under 18 U.S.C. § 841(b)(1)(B) due to a prior conviction under Illinois law for the "manufacture/delivery" of PCP and cannabis. (Doc. 21 (Information to Establish Prior Conviction)). With the enhancement, Cooper's guideline range at sentencing was 360 months to life in prison. (Doc. 107, p. 1 (Statement of Reasons)). Cooper appears to claim that because marijuana has been legalized for recreational use in Illinois, his prior conviction can no longer serve as a basis for his enhanced sentence. (Doc. 184, p. 14). He cites no case law to support this claim, nor does he contend that the legalization of marijuana in Illinois retroactively affects his federal sentence. The Seventh Circuit has rejected similar compassionate release claims

based on non-retroactive changes in the law. *United States v. Williams*, 62 F.4th 391, 392 (7th Cir. 2023); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). Indeed, "[w]hen deciding whether 'extraordinary and compelling reasons' . . . justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions." *Id.* The Court thus declines to modify Cooper's sentence based on an intervening change in the law that had no retroactive effect. *Cf. United States v. Wrice*, No. 4:10-cr-40065, 2024 WL 3534856, at *7 (S.D. Ill. July 25, 2024) (holding that imposed sentence was not "unusually long" under § 1B1.13(b)(6) because it was within Guideline range at time of sentencing).

A defendant's "medical circumstances" might also, in certain situations, constitute an "extraordinary and compelling reason" for compassionate release. *See* U.S.S.G. § 1B1.13(b)(1). Qualifying medical circumstances include a "serious physical or medical condition," "serious functional or cognitive impairment," "deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care," and a "medical condition that requires long-term or specialized medical care." *Id.*

Here, Cooper claims that a heart attack in September 2022 requires him to take numerous medications and complex interventions. (Doc. 184, p. 6). But it is unclear how his heart attack justifies his release because he has not explained how the treatment he receives in prison is inadequate, or how his release might improve his health. Moreover, this Court previously addressed Cooper's concern regarding his heart attack because he raised it in his second motion for compassionate release. (Doc. 167, p. 3). In denying that

Page 3 of 6

motion, the Court found that Cooper's "cardiac conditions" do not constitute extraordinary and compelling circumstances justifying compassionate release. (Doc. 176, p. 2). Cooper has offered no convincing reason to revisit this holding. The only health-related claim that allegedly arose after Cooper filed his second motion for compassionate release is his "hearing lost [sic]," which he attributes to the "aging process." (*Id.*, p. 10). But here too, he does not explain how or why this condition demands the release from custody to be properly treated.[1]

Finally, the Sentencing Guidelines permit a reduction in sentence based on the "family circumstances of the Defendant." U.S.S.G. § 1B1.13(b)(3). The Defendant's family circumstances may provide an avenue for relief in one of the following circumstances:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

---

[1] Cooper also filed a motion to supplement his third compassionate release motion with information about the "deterioration of his prostate." (Doc. 191). He claims that the medication he received "was not working for him" and that he does not "trust the urology" in prison. (*Id.*). These allegations appear to raise a conditions of confinement claim, which is not a basis for compassionate release. *See United States v Bridgewater*, 995 F.3d 591, 599 ("[E]ven if a federally incarcerated person cannot petition directly for compassionate release due to medical conditions, he may still directly challenge any inadequate medical care he receives, or any medically unsafe conditions of confinement."); *United States v. Ogle*, No. 15-cr-40042, 2022 WL 2307377, at *3 (S.D. Ill. June 27, 2022) (denying compassionate release motion where defendant complained of "limiting phone calls, emails, visits, recreation, laundry, showers, programming, religious opportunities, *medical care*, inmate movement, etc.[] [which] make life harsh for prisoners.") (emphasis added).

> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, *when the defendant would be the only available caregiver for such family member or individual*. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

*Id.* (emphasis added). Here, Cooper contends that his grandson, Jason, who suffers from cerebral palsy and underwent a heart transplant in 2020, requires his care because Jason's mother works 12 hours per day. (*Id.*, p. 14, 19).

Cooper must rely on the catch-all provision under § 1B1.13(b)(3)(D) to advance his argument because the person in need of his care is his grandchild. But Cooper fails to demonstrate that he is the "only" possible caregiver for Jason. Cooper himself explains that his daughter—Jason's mother—is 46 years old and that he has not seen her since she was 7 or 8 months old. (Doc. 184, p. 14). The Court is not persuaded that after many years apart, Cooper is now compelled to serve as Jason's sole caregiver, after his mother (Cooper's daughter) seemingly did so for years without his help.[2] Nothing in Cooper's motion supports a claim that he would be Jason's "only" caregiver. And for that reason, Cooper is unable to show an "extraordinary and compelling reason" based on his family circumstances that justifies his release.

Because the Court finds that compassionate release is not warranted here, it is not necessary to consider the factors under 18 U.S.C. § 3553(a). In any event, Cooper has

---

[2] Cooper offers, as an exhibit to his motion, a picture of his two grandchildren. (Doc. 184, p. 70). Although his motion does not provide their ages, the picture suggests that they are both in their teenage years. This indicates that Cooper's daughter has cared for Jason for several years without his help.

offered no reason to depart from the Court's previous examinations of the § 3553(a) factors when it considered his first two motions for compassionate release. (Docs. 156, 176). Thus, the Court will not revisit its prior holdings on this issue.

For these reasons, the Third Motion for Compassionate Release filed by Kevin Cooper (Doc. 184) is **DENIED**. Cooper's Motion to "Incorporate Third Compassionate Release of Mr. Cooper's Rapidly Deteriorated Prostate Condition" (Doc. 191) is **GRANTED** insofar as it requested the Court's consideration of his prostate condition.

**IT IS SO ORDERED.**

DATED:  December 5, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**